Filed by: Fax
Date: 5-14-20
Time: 7:14 PM
Deputy Clerk: [signature]
(SEE ATTACHED LOG)

rec via counter
FILED FOR RECORD 05/18/2020 14:33:13
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA
835

# 24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 806574          DIVISION " "          DOCKET NO. A

**FREDA M. BORDES, WIFE OF/ AND NORMAN P. BORDES, SR.**

**VERSUS**

**MICHAELS STORES, INC. and XYZ INSURANCE COMPANY**

FILED:_____          _____
                                              **DEPUTY CLERK**

## PETITION FOR DAMAGES

The petition of **Freda M. Bordes, wife of/and Norman P. Bordes, Sr.**, both persons of the full age of majority, and residents and domiciliaries of the Parish of Jefferson, State of Louisiana, who respectfully represent that:

### I.

**Michaels Stores, Inc.**, (hereinafter sometimes referred to as "**Michaels**"), named as a defendant herein, is a corporation organized under the laws of a state other than the State of Louisiana, but authorized to do and actually doing business in the Parish of Jefferson, State of Louisiana.

### II.

**XYZ Insurance Company**, (hereinafter sometimes referred to as "**XYZ**"), named as a defendant herein, is a corporation organized under the laws of a state other than the State of Louisiana, but authorized to do and/or actually doing business in the Parish of Jefferson, State of Louisiana.

### III.

At all times material hereto, the defendant, XYZ Insurance Company, had in full force and effect a policy, contract and/or agreement of insurance which afforded coverage to the defendant, Michaels, for claims of the nature asserted herein; accordingly, petitioner is entitled to and does hereby assert said claims directly against said defendant XYZ pursuant to the provisions of LSA-R.S. 22:655 (The Louisiana Direct Actions Statute).

## IV.

The above-named defendants are jointly, severally, and *in solido*, liable unto petitioner for such damages as are just and reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, plus all costs and disbursements of these proceedings all for the following reasons, to-wit:

## V.

On or about Friday afternoon, on May 17, 2019, petitioner, Freda M. Bordes, an invitee of the Michaels Store #9952 located at 8851 Veterans Memorial Boulevard, Metairie, Louisiana, and a friend, entered the store to shop and make a purchase. Petitioner and her friend carefully and prudently proceeded down the main aisle of the store, stopping at points along the way to examine various items of interest, when she noticed some cart toppers which she thought her friend might like to purchase. Petitioner and her friend were admiring one of the cart toppers and how nice it would look, and in so doing, her left foot slid out from under her, suddenly and without warning, causing her to lose her balance and fall violently, striking the floor below with her head, neck, back, buttocks, hips, knees, legs, hands, shoulders, and arms, and with full force of impact.

## VI.

As a result of the force of the impact she sustained serious trauma and injury to her head, neck, back, buttocks, hips, knees, legs, hands, shoulders, arms, and other parts of her body.

## VII.

The injuries sustained by Petitioner were the result of unknowingly stepping on a low, thin, box which was part of a floor display of merchandise, consisting of low, thin, boxes, which had been placed directly on the floor, and in the main aisle of the Michaels Store #9952, located at 8851 Veterans Memorial Boulevard, Metairie, Louisiana, and the negligence of defendant, Michaels, in creating and failing to remedy this hazardous condition and/or to warn its invitees, such as petitioner, Freda M. Bordes.

## VIII.

The low, thin, box which Petitioner, Freda M. Bordes, stepped on was not open and obvious and posed an unreasonable hazard and risk of danger and injury to Michaels' shoppers such as Petitioner, Freda M. Bordes.

### IX.

Petitioner avers that at all times pertinent herein, the subject premises were under the exclusive care, custody and control of defendant, Michaels, either directly or through its employees, agents, and/or others for whom or which Michaels is vicariously liable.

### X.

The aforementioned injuries to petitioner were solely and exclusively caused by the negligence of the defendant, Michaels and its employees, agents and/or others for whom or which it is responsible in the following non-exclusive particulars, to-wit:

1. Failure to provide a safe, hazard free walkway for invitees such as petitioner;

2. Creating a dangerous, hazardous, and unsafe condition in the aisle walkway used by invitees such as petitioner;

3. Negligence in the handling and stocking of its merchandise, leading to the creation of a dangerous, hazardous, and unsafe condition and causing the accident giving rise to petitioner's damages;

4. Failure to act in a reasonably prudent manner to properly inspect and remove the dangerous, hazardous, and unsafe condition, and keeping the area in question free from hazardous conditions;

5. Failure to exercise the requisite duty of care owed to invitees such as petitioner;

6. Failure to timely correct or otherwise remove the hazardous material and/or remedy an otherwise unreasonably dangerous condition which Michaels and/or its employees created in the area of the incident;

7. Inadequate inspection and/or maintenance of the area where the accident giving rise to petitioner's damages occurred;

8. Failure to act in a reasonably prudent manner in keeping the area in question free from hazardous conditions;

9. Failure to warn invitees such as petitioner of the hazardous condition;

10. Failure to adequately and properly hire, select, train, monitor, supervise, and/or control its employees, agents and/or others for whom or which they are responsible; and

11. Any and all other acts and/or omissions of negligence which may be proven upon the trial of this matter.

### XI.

As a result of the above-described incident, petitioner, Freda M. Bordes, has suffered severe and disabling injuries, including, but without limitation, injuries to the muscles, ligaments, tendons, nerves, bones and other structures of her head, neck, face, mouth, teeth, back, arms, legs, and

buttocks; injury to her nervous system, including headaches, depression, anxiety and post-traumatic stress disorder; she has suffered physical pain and keen mental and emotional anguish and distress, as well as other disabling and/or non-disabling conditions.

## XII.

As a further result thereof, petitioner, Freda M. Bordes, has required medical care and treatment; she has been disabled and handicapped in various of her activities; and has incurred substantial medical expenses. These conditions, injuries, costs, and losses will continue in the future and may be permanent.

## XIII.

At all material times mentioned herein and particularly on May 17, 2019, your petitioners, Freda M. Bordes and Norman P. Bordes, Sr., were lawfully married to each other and were living and residing together, and are presently living and residing together.

## XIV.

As a result of the above-described incident and the injuries to his wife, petitioner Norman P. Bordes, Sr., has suffered the loss of consortium, service and society with his wife, all of which has been, is, and will be to petitioner's ultimate detriment, so as to entitle him to such compensatory damages as are just and reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings.

## XV.

Petitioner expressly pleads the provisions of LSA-R.C.C. arts. 2315, 2316, 2317, and 2320, as well as the doctrines of *respondeat superior*, and *res ipsa locquitor.*

**WHEREFORE**, petitioners, **Freda M. Bordes, wife of/and Norman P. Bordes, Sr.,** pray that the defendants, **Michaels Stores,** and **XYZ Insurance Company,** be served with a copy of the above and foregoing petition and citation and that after all legal proceedings and delays are had, there be judgment herein in favor of petitioners, **Freda M. Bordes, wife of/and Norman P. Bordes, Sr.,** and against the defendants, **Michaels Stores, Inc., and XYZ Insurance Company,** jointly, severally and *in solido,* in an amount deemed to be reasonable in the premises together with legal interest thereon from the date of judicial demand until paid, plus all costs and disbursements of these proceedings.

Petitioner further prays for all general and equitable relief as the nature of the cause may require.

Respectfully submitted,

**FRANK A. MILANESE, PLC**

*[signature]*

**FRANK A. MILANESE, LA Bar No. 1961**
650 Poydras Street, Suite 2600
New Orleans, Louisiana 70130-6101
Telephone:  (504) 588-1400
Facsimile: (504) 588-1402
E-mail:    milaneseplc@gmail.com
**Attorney for Petitioners, Freda Bordes, wife of/and Norman P. Bordes, Sr.**

**PLEASE SERVE:**

**Michaels Stores, Inc.**
**Through its agent for service of process:**
**Corporation Service Company**
**501 Louisiana Avenue**
**Baton Rouge, LA 70802**

*[handwritten: EBR-2403  $33.36]*

- 5 -

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

FILED FOR RECORD 05/19/2020 11:11:00
Shelley M. Mauterer, DY CLERK
JEFFERSON PARISH, LA

FREDA M BORDES, ET AL      **vs.**   MICHAELS STORES INC, ET AL

**Court:** 24th Judicial District          **Docket Number:** 806-576

**Parish of Filing:** Jefferson           **Filing Date:** 5-14-20

**Name of Lead Petitioner's Attorney:** _____

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2        **Number of named defendants:** 2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☐ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence
- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☐ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☐ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name FRANK A MILANESE        Signature _____

Address 650 POYDRAS STREET  SUITE 2600  NEW ORLEANS, LA. 70130

Phone number: 504-588-1400        E-mail address: MILANESEPLC@GMAIL.COM